**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LOCAL 2322, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,<br>            Plaintiff<br><br>v.<br><br>VERIZON, INC.,<br>            Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT TO CONFIRM ARBITRATION AWARD**
**AND FOR SANCTIONS/ATTORNEYS' FEES**

**I.    INTRODUCTION**

1.    This is an action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to confirm an arbitration award rendered between the parties. As described below, an arbitrator, appointed pursuant to the provisions of a collective bargaining agreement between the parties, rendered an arbitration award finding that the April 2011 termination of a bargaining unit employee, Daniel Rolfe, was without just cause. The arbitrator ordered the retroactive reinstatement of Mr. Rolfe, with full back pay and benefits, less interim earnings. Despite the arbitration award in favor of Mr. Rolfe, and subsequent demands for his reinstatement, Verizon has intentionally refused to reinstate Mr. Rolfe. For this reason, the union seeks to confirm the arbitration award so it will have the force and effect of a judgment. The union also requests that the court impose sanctions on Verizon in the form of costs and attorneys' fees for the prosecution of this action.

## II.  PARTIES

2. The plaintiff, Local 2322, International Brotherhood of Electrical Workers ("Local 2322"), is a duly certified labor union which represents bargaining unit workers of Verizon throughout southeastern Massachusetts.

3. The defendant, Verizon, Inc. ("Verizon"), is a duly incorporated company which provides telecommunications services throughout the United States. It maintains a regional headquarters in Boston, Massachusetts. Verizon is a signatory to a collective bargaining agreement between it and several unions, including Local 2322.

## III. JURISDICTION

4. The jurisdiction of this court is invoked pursuant to 29 U.S.C. § 185.

## IV. FACTS

5. The plaintiff and defendant are parties to a collective bargaining agreement, which was in full force and effect at all times relevant hereto.

6. Pursuant to said collective bargaining agreement, the union filed a grievance challenging the April 2011 termination of bargaining unit employee Daniel Rolfe.

7. After completing the preliminary steps of the grievance procedure, the union duly filed the case for arbitration pursuant to the arbitration procedures of the collective bargaining agreement.

8. In due course, the matter was heard by Arbitrator Mark L. Irvings. Arbitrator Irvings rendered a decision on July 17, 2012, finding that the termination of Daniel Rolfe was without just cause, and ordering Mr. Rolfe's retroactive reinstatement, with full back pay and benefits, less interim earnings. (*See* Exhibit A.)

9. Notwithstanding the arbitrator's decision and order of reinstatement, Verizon refused to reinstate Mr. Rolfe. Verizon claimed it was doing so because it had an independent reason to terminate Mr. Rolfe based on a February 2011 gambling investigation.

10. Because Verizon knew of this alleged independent reason prior to the April 2011 termination that was the subject of arbitration and never raised it, it was unlawful for Verizon to refuse Mr. Rolfe's reinstatement based on this alleged independent reason.

11. Additionally, Verizon never argued that reinstatement was an improper remedy in Mr. Rolfe's case, even though the issue of proper remedy was before Arbitrator Irvings, (*see* Exhibit A at 1), and Verizon knew of the alleged independent reason to terminate Mr. Rolfe more than one year prior to the July 2012 arbitration award.

12. Verizon has expressed its continuing intention not to reinstate Mr. Rolfe.

## COUNT I

13. The Court should confirm the arbitration award issued by Arbitrator Irvings. This request is made pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which gives this court jurisdiction to enforce arbitration awards duly rendered between parties to a collective bargaining agreement.

## COUNT II

14. Because Verizon never sought to vacate the arbitration decision of Arbitrator Irvings, and intentionally refused to comply with it, thereby forcing Local 2322 to file this action, the Court, using its equitable powers, as articulated by the First Circuit, should impose sanctions in the form of costs and attorneys' fees upon Verizon for requiring the union to prosecute this run-of-the-mill arbitration case, which should have been resolved without the need

for court action.  The plaintiff makes this request pursuant to First Circuit and other federal case law regarding the enforcement of arbitration awards under 29 U.S.C. § 185.

WHEREFORE, the plaintiff asks this Court for the following relief:

1. Confirm the arbitration award attached hereto as Exhibit A;

2. Issue an order requiring the defendant Verizon to retroactively reinstate Mr. Rolfe in accordance with the arbitration award, and to pay Mr. Rolfe the back pay owed to him plus interest from the date of the arbitration award;

3. Impose sanctions in the form of attorneys' fees and costs upon Verizon for its willful disobedience of the arbitration award; and

4. Any other relief which the Court deems just and proper.

                              Respectfully submitted,

                              LOCAL 2322, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,

                              By its attorney,

                              /s/ Harold L. Licthen_____
                              Harold L. Lichten, BBO #549689
                              Lichten & Liss-Riordan, P.C.
                              100 Cambridge Street, 20th Floor
                              Boston, MA 02114

Dated: August 21, 2012            (617) 994-5800
                              hlichten@llrlaw.com